977 F.2d 582
 141 L.R.R.M. (BNA) 2536
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
J & W DRYWALL CONTRACTORS, INC., J & W Drywall and
Plastering Company, Inc., J & W Drywall Lather
Plastering Co., Inc., and William
Williams, Respondent(s).
 No. 92-5975.
 United States Court of Appeals, Sixth Circuit.
 Sept. 29, 1992.
 
 Before KEITH, DAVID A. NELSON and RYAN, Circuit Judges.
 
 
 1
 JUDGMENT ENFORCING AN ORDER OF THE NATIONAL LABOR RELATIONS BOARD
 
 
 2
 This cause was submitted upon the application of the National Labor Relations Board for summary entry of a judgment against Respondents, J & W Drywall Contractors, Inc., J & W Drywall and Plastering Company, Inc., J & W Drywall Lather Plastering Co., Inc., and William Williams, Detroit, Michigan, their officers, agents, successors, and assigns, enforcing its order dated February 28, 1992, in Case No. 7-CA-32260, and the Court having considered the same, it is hereby
 
 
 3
 ORDERED AND ADJUDGED by the Court that the Respondents, J & W Drywall Contractors, Inc., J & W Drywall and Plastering Company, Inc., J & W Drywall Lather Plastering Co., Inc., and William Williams, Detroit, Michigan, their officers, agents, successors, and assigns, shall:
 
 1. Cease and desist from:
 
 4
 (a) Refusing to bargain with Local 67, Operative Plasterers' and Cement Masons' International Association of the United States and Canada, AFL--CIO as the exclusive bargaining representative of an appropriate unit of all journeymen and apprentice plasterers employed by the Respondents, by failing to adhere to the terms of a collective-bargaining agreement, effective from July 1, 1991, until June 1, 1992, between the Detroit Association of Wall and Ceiling Contractors and the Union.
 
 
 5
 (b) In any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them by Section 7 of the Act.
 
 
 6
 2. Take the following affirmative action necessary to effectuate the policies of the Act.
 
 
 7
 (a) Abide by the terms of the current collective-bargaining agreement with the Union, including provisions requiring payments to various employee fringe benefit funds and the submission of accurate monthly fringe benefit reports.
 
 
 8
 (b) Make unit employees whole, in the manner set forth in the remedy section of the decision, by reimbursing them, with interest, for any losses resulting from the unlawful failure to make contractually required benefit fund payments.
 
 
 9
 (c) In accord with the terms of the current collective-bargaining agreement with the Union, provide accurate copies of all monthly benefit fund reports which the Respondents unlawfully failed to submit and make the various contractual employee benefit funds whole, in the manner set forth in the remedy section of the decision, for any payments which the Respondents have unlawfully failed to make.
 
 
 10
 (d) Preserve and, on request, make available to the Board or its agents for examination and copying, all payroll records, social security payment records, timecards, personnel records and reports, and all other records necessary to analyze the amount of backpay due under the terms of this Judgment.
 
 
 11
 (e) Post at their facility in Detroit, Michigan, and at jobsites where unit employees are working, copies of the attached notice marked "Appendix." Copies of the notice, on forms provided by the Regional Director for Region 7, after being signed by the Respondents' authorized representative, shall be posted by the Respondents immediately upon receipt and maintained for 60 consecutive days in conspicuous places including all places where notices to employees are customarily posted. Reasonable steps shall be taken by the Respondents to ensure that the notices are not altered, defaced, or covered by any other material.
 
 
 12
 (f) Notify the Regional Director in writing within 20 days from the date of this Judgment, what steps the Respondents have taken to comply.
 
 APPENDIX
 NOTICE TO EMPLOYEES
 
 13
 POSTED PURSUANT TO A JUDGMENT OF THE UNITED STATES COURT OF
 
 
 14
 APPEALS ENFORCING AN ORDER OF THE NATIONAL LABOR
 
 RELATIONS BOARD
 An Agency of the United States Government
 
 15
 The National Labor Relations Board has found that we violated the National Labor Relations Act and has ordered us to post and abide by this notice.
 
 
 16
 Section 7 of the Act gives employees these rights.
 
 To organize
 To form, join, or assist any union
 
 17
 To bargain collectively through representatives of their own choice
 
 
 18
 To act together for other mutual aid or protection
 
 
 19
 To choose not to engage in any of these protected concerted activities.
 
 
 20
 WE WILL NOT refuse to bargain collectively with Local 67, Operative Plasterers' and Cement Masons' International Association of the United States and Canada, AFL--CIO as the exclusive bargaining representative of an appropriate unit of our journeymen and apprentice plasterers, by failing to adhere to the terms of a collective-bargaining agreement, effective from July 1, 1991, until June 1, 1992, between the Detroit Association of Wall and Ceiling Contractors and the Union.
 
 
 21
 WE WILL NOT in any like or related manner interfere with, restrain, or coerce you in the exercise of the rights guaranteed you by Section 7 of the Act.
 
 
 22
 WE WILL abide by the terms of our current collective-bargaining agreement with the Union, including provisions requiring payments to various employee fringe benefit funds and the submission of accurate monthly fringe benefit reports.
 
 
 23
 WE WILL make our bargaining unit employees whole by reimbursing them, with interest, for any losses they incurred as a result of our unlawful failure to make contractually required benefit fund payments.
 
 
 24
 WE WILL, in accord with the terms of our current collective-bargaining agreement with the Union, provide accurate copies of all monthly benefit fund reports which we have previously failed to submit and WE WILL make the various contractual employee benefit funds whole for any payments which we have unlawfully failed to make.
 
 
 25
 J & W DRYWALL CONTRACTORS, INC.,
 
 J & W DRYWALL AND PLASTERING
 COMPANY, INC., J & W DRYWALL
 
 26
 LATHER PLASTERING CO., INC.,
 
 AND WILLIAM WILLIAMS
 
 27
 (Employers)
 
 
 28
 Dated __________ By ______________________________ (Representative)
 
 
 29
 (Title)
 
 
 30
 This is an official notice and must not be defaced by anyone.
 
 
 31
 This notice must remain posted for 60 consecutive days from the date of posting and must not be altered, defaced, or covered by any other material. Any questions concerning this notice or compliance with its provisions may be directed to the Board's Office, 477 Michigan Avenue, Room 300, Detroit, Michigan 48226-2569, Telephone 313-226-3219.